**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **KEITH EAGER POYNTER, JR.,** | * | |
| **Plaintiff,** | * | |
| **v.** | * | **Civ. No. DLB-22-3312** |
| **OFFICER AARON NORTON, *et al.*,** | * | |
| **Defendants.** | * | |

**MEMORANDUM OPINION**

Self-represented plaintiff Keith Eager Poynter, Jr., currently incarcerated at USP-Hazelton in Bruceton Mills, West Virginia, filed this civil rights action under 42 U.S.C. § 1983 against Baltimore County Officer Aaron Norton and Baltimore County Detective Quirk, alleging excessive force in violation of his Eighth and Fourteenth Amendment rights. ECF 1, 5, & 8. The defendants filed a motion to dismiss or, in the alternative, for summary judgment on September 20, 2023. ECF 16. Poynter was notified of his right to file a response to the motion. ECF 18. Poynter sought and was granted two extensions of time to file his response, which ultimately was due by March 8, 2024, ECF 21–24, but he did not respond to the motion. A hearing is not necessary. *See* Loc. R. 105.6 (D. Md. 2023). For the following reasons, the Court grants in part and denies in part the defendants' motion to dismiss.

I.     **Background**

Poynter alleges that on December 20, 2019, Baltimore County police handcuffed him to a pipe in an interview room at Baltimore County Police Headquarters, and while he was handcuffed, Officer Norton repeatedly punched him and Detective Quirk choked him. ECF 1, at 5; ECF 5, at 1. Poynter states that the officers claimed he bit Officer Norton, which Poynter insists he did not do. ECF 5, at 1. Poynter also states that Norton had a scratch on his arm, which Poynter says was

inflicted not by him but by an officer who restrained Norton during Norton's attack on Poynter. *Id.* Poynter claims that the defendants violated his Eighth and Fourteenth Amendment rights and that, as a result of the incident, he has chronic back pain and mental health problems. ECF 1, at 5; ECF 5, at 1. He claims that his rights were violated again on September 9, 2022, when he watched a video of the incident and experienced "stress, depression, anxiety and sadness" from watching it. ECF 1, at 5. Poynter seeks monetary damages. *Id.* at 7.

The defendants assert that Poynter made the same allegations against Officer Norton, another Baltimore County law enforcement officer, Detective K. Feeley, and the Baltimore County Police Department in *Poynter v. Baltimore County Police Department*, Civ. No. CCB-20-1077 ("*Poynter I*"). ECF 16-1, at 2; *see* ECF 1 in *Poynter I*. Poynter asked to voluntarily dismiss that case, and it was dismissed with prejudice. ECF 16-2; *see* ECF 16 in *Poynter I*. The defendants argue that the complaint and supplements to the complaint that he filed in this case are barred by res judicata and collateral estoppel and, in any event, fail to state a claim. ECF 16-1, at 4–6.

## II.    Standard of Review

The defendants move to dismiss the complaint for failure to state a claim, or alternatively, for summary judgment. Under Rule 12(b)(6), a party may seek dismissal for failure "to state a claim upon which relief can be granted." *Robertson v. Anderson Mill Elementary Sch.*, 989 F.3d 282, 290 (4th Cir. 2021) (quoting Fed. R. Civ. P. 12(b)(6)). To survive the challenge, the opposing party must have pleaded facts demonstrating it has a plausible right to relief from the Court. *Lokhova v. Halper*, 995 F.3d 134, 141 (4th Cir. 2021) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A plausible claim is more than merely conceivable or speculative. *See Holloway v. Maryland*, 32 F.4th 293, 299 (4th Cir. 2022). The allegations must show there is "more than a sheer possibility that the defendant has acted unlawfully." *Int'l Refugee Assistance Project v.*

*Trump*, 961 F.3d 635, 648 (4th Cir. 2020) (quoting *Iqbal*, 556 U.S. at 678)). But the claim does not need to be probable, and the pleader need not show "that alternative explanations are less likely" than their theory. *Jesus Christ Is the Answer Ministries, Inc. v. Baltimore Cnty., Md.*, 915 F.3d 256, 263 (4th Cir. 2019) (quoting *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015)).

When ruling on a Rule 12(b)(6) motion, the Court must accept the allegations as true and draw all reasonable inferences in favor of the pleader. *Williams v. Kincaid*, 45 F.4th 759, 765, 777 (4th Cir. 2022). But the Court does not accept "legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments." *United States ex rel. Taylor v. Boyko*, 39 F.4th 177, 189 (4th Cir. 2022) (quoting *U.S. ex rel. Nathan v. Takeda Pharms. N. Am., Inc.*, 707 F.3d 451, 455 (4th Cir. 2013)). Merely reciting a claim's elements "and supporting them by conclusory statements does not meet the required standard." *Sheppard v. Visitors of Va. State Univ.*, 993 F.3d 230, 234 (4th Cir. 2021) (quoting *ACA Fin. Guar. Corp. v. City of Buena Vista, Va.*, 917 F.3d 206, 212 (4th Cir. 2019)).

The Court "does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." *Ray v. Roane*, 948 F.3d 222, 226 (4th Cir. 2020) (quoting *Tobey v. Jones*, 706 F.3d 379, 387 (4th Cir. 2013)). If, however, an affirmative defense "clearly appears on the face of the complaint," a defendant may raise the defense on a Rule 12(b)(6) motion. *Andrews v. Daw*, 201 F.3d 521, 524 (4th Cir. 2000) (quoting *Richmond, Fredericksburg & Potomac R.R. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993)). And, "when entertaining a motion to dismiss on the grounds of res judicata, a court may take judicial notice of facts from a prior judicial proceeding when the res judicata defense raises no disputed issue of fact." *Id.*; *see* Fed. R. Evid. 201(b).

3

"[P]ro se filings are 'h[e]ld to less stringent standards than formal pleadings drafted by lawyers.'" *Folkes v. Nelsen*, 34 F.4th 258, 272 (4th Cir. 2022) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Accordingly, the Court must construe pro se pleadings liberally. *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020), *cert. denied*, 141 S. Ct. 1376 (2021). But "liberal construction does not require [the Court] to attempt to 'discern the unexpressed intent of the plaintiff[;]'" the Court need only "determine the actual meaning of the words used in the complaint." *Williams v. Ozmint*, 716 F.3d 801, 805 (4th Cir. 2013) (quoting *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006) (en banc)). Thus, a pro se complaint "still 'must contain enough facts to state a claim for relief that is plausible on its face.'" *Thomas v. The Salvation Army S. Territory*, 841 F.3d 632, 637 (4th Cir. 2016) (quoting *King v. Rubenstein*, 825 F.3d 206, 212, 214 (4th Cir. 2016) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007))).

When the parties present and the Court considers matters outside the pleadings on a Rule 12(b)(6) motion, the Court must treat the motion as one for summary judgment under Rule 56. Fed. R. Civ. P. 12(d). The Court takes judicial notice of the filings in *Poynter I* but does not otherwise consider documents beyond the pleadings. Therefore, the Court treats the motion as a motion to dismiss.

### III.    Discussion

#### A.  Res Judicata and Collateral Estoppel

Poynter's § 1983 claim against Officer Norton is barred by res judicata. But neither res judicata nor collateral estoppel bars Poynter's claim against Detective Quirk.

"Res judicata traditionally bars a party from asserting a claim in a later suit once a court has reached a final judgment on the merits of the same claim in an earlier suit." *E. Coast Repair & Fabrication, LLC v. United States ex rel. Dep't of Navy*, 16 F.4th 87, 90 (4th Cir. 2021). Under

federal law, this doctrine applies when there is "(1) a final judgment on the merits in a prior suit; (2) an identity of the cause of action in both the earlier and the later suit; and (3) an identity of the parties or their privies in the two suits." *T.H.E. Ins. Co. v. Davis*, 54 F.4th 805, 820 n.7 (4th Cir. 2022) (quoting *SAS Institute, Inc. v. World Programming Ltd.*, 874 F.3d 370, 378 (4th Cir. 2017)). "[A] dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a 'judgment on the merits.'" *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 399 (1981) (quoting *Angel v. Bullington*, 330 U.S. 183, 190 (1947)). And, "dismissals with prejudice . . . are treated as final judgments on the merits for purposes of res judicata." *Intell. Ventures I LLC v. Cap. One Fin. Corp.*, 99 F. Supp. 3d 610, 617 (D. Md. 2015) (quoting *Jacobs v. Venali, Inc.*, 596 F. Supp. 2d 906, 914 (D. Md. 2009)). As for whether the causes of action are the same, the Court "asks 'whether the claim presented in the new litigation "arises out of the same transaction or series of transactions as the claim resolved by the prior judgment"' and whether 'the claims could have been brought in the earlier action.'" *SAS Institute, Inc.*, 874 F.3d at 378 (quoting *Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 162 (4th Cir. 2008)). Privity measures the closeness of a relationship. *Martin v. Am. Bancorporation Ret. Plan*, 407 F.3d 643, 651 (4th Cir. 2005). A party is in privity with a party to an earlier suit when they are "so identified in interest" that the party to the earlier suit "represents precisely the same legal right in respect to the subject matter involved." *Id.* (quoting *Jones v. SEC*, 115 F.3d 1173, 1180 (4th Cir. 1997)).

In *Poynter I*, Poynter sued Officer Norton, Detective Feeley, and the Baltimore County Police Department, complaining that on December 20, 2019, he was assaulted by Officer Norton and "multiple plain clothes detectives" at the police station while Detective Feeley watched. *See* ECF 16-3, at 2–3. Thus, both *Poynter I* and the complaint in this case concern an alleged assault by Officer Norton on December 20, 2019, in a Baltimore County Police station. Because *Poynter*

*I* was dismissed with prejudice, there has been a final judgment on the merits as to the excessive force claim against Officer Norton—the same claim that Poynter attempts to assert again Officer Norton in this case. *See* ECF 16-2. Thus, Poynter's excessive force claim against Officer Norton is barred by res judicata. Res judicata does not, however, bar Poynter's excessive force claim against Detective Quirk because Quirk was not a party in *Poynter I* or in privity with a party.

The defendants argue, in the alternative, that the § 1983 claim against Detective Quirk is barred by collateral estoppel. It is not. Collateral estoppel or "issue preclusion" provides that "once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). Collateral estoppel "bars the relitigation of specific issues that were actually determined in a prior action," *Sartin v. Macik*, 535 F.3d 284, 287 (4th Cir. 2008), so long as the "party against whom [collateral estoppel] is asserted had a full and fair opportunity to litigate" the issue, *In re Microsoft Corp. Antitrust Litig.*, 355 F.3d 322, 326 (4th Cir. 2004) (internal quotation marks omitted). Relevant here, "[d]efensive use [of collateral estoppel] occurs when a defendant seeks to prevent a plaintiff from asserting a claim the plaintiff has previously litigated and lost against another defendant." *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 n.4 (1979).

Collateral estoppel applies if (l) the issue "is identical to the one previously litigated;" (2) the issue "was actually resolved in the prior proceeding;" (3) the issue "was critical and necessary to the judgment in the prior proceeding;" (4) the prior judgment is final and valid; and (5) the party "to be foreclosed by the prior resolution of the issue" had "a full and fair opportunity to litigate the issue" in the prior proceeding. *In re Microsoft Corp. Antitrust Litig.*, 355 F.3d at 326. An issue is actually resolved if it is "properly raised in the pleadings or otherwise submitted for determination

and [is] in fact determined." *Musselwhite v. Mid-Atl. Rest. Corp.*, 809 F. App'x 122, 128 (4th Cir. 2020) (internal quotations omitted).

Here, the issue presented—whether Baltimore County police used excessive force against Poynter on December 20, 2019—was raised but not "actually resolved" in the prior proceeding. After the summary judgment briefing was complete, Poynter advised the Court that he wanted to voluntarily dismiss the lawsuit "because of a lack of evidence." ECF 15 in *Poynter I*. And that is what happened. ECF 16 in *Poynter I*. The Court did not rule on the defendants' motion for summary judgment, and neither the Court nor a jury determined an "issue of ultimate fact." *See Marinucci v. SG Homes Assocs., LP*, 742 B.R. 299, 309 (D. Md. 2012) ("'What matters for purposes of collateral estoppel is not that a suit or a cause of action has been dismissed,' but that 'an issue of ultimate fact has once been determined.'") (quoting *John Crane, Inc. v. Puller*, 899 A.2d 879, 893 (Md. App. Ct. 2006)). And Poynter's voluntarily dismissal of his case for lack of evidence is not a determination of an issue of ultimate fact. Thus, whether police used excessive force against Poynter was not actually resolved in *Poynter I*. Poynter's excessive force claim against Detective Quirk is not barred by collateral estoppel.

### B.  Failure to State a Claim

The Court next considers whether Poynter has stated a § 1983 excessive force claim against Detective Quirk. He has.

Under Section 1983, a plaintiff may file suit against any person who, acting under color of state law, "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but merely provides 'a method for vindicating federal rights elsewhere

conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)); *Wahi v. Charleston Area Med. Ctr.*, 562 F.3d 599, 615 (4th Cir. 2009).

Poynter was a pretrial detainee at the time of the alleged assault in 2019, and pretrial detainees have a Fourteenth Amendment right to be free from excessive force.[1] *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015). To state a claim based on use of excessive force in violation of his Fourteenth Amendment rights as a pretrial detainee, a plaintiff must allege that "the use of force is deliberate – *i.e.*, purposeful or knowing." *Id.* at 395; *see Simmons v. Whitaker*, No. 22-6233, --- F.4th ----, 2024 WL 3319640, at *4 (4th Cir. July 8, 2024). To do so, he does not need to allege what the defendants were thinking; he needs to allege only that "the force purposely or knowingly used against him was objectively unreasonable." *Kingsley*, 576 U.S. at 396–97. Whether the force was objectively unreasonable "turns on the 'facts and circumstances of each particular case.'" *Kingsley*, 576 U.S. at 397 (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)). The Court determines reasonableness "from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." *Id.*

Poynter alleges that Detective Quirk choked him in a police interview room in 2019 when Poynter "was chained to a pipe on the wall defenseless and shackled by [his] feet" and not "a threat

---

[1] The parties refer to the Eighth and Fourteenth Amendments. ECF 1, at 5; ECF 16-1, at 2. The Court takes Poynter to allege a claim under the Fourteenth Amendment, not the Eighth Amendment. Based on the pleadings, the Court infers that Poynter was under arrest when the alleged assault occurred and, therefore, was in pretrial custody. *See Simmons v. Whitaker*, No. 22-6233, 2024 WL 3319640, at *4 (4th Cir. July 8, 2024) ("For a pre-trial detainee, the proper standard comes from the Fourteenth Amendment."). Neither party cites the Fourteenth Amendment, and for good reason. Poynter plausibly alleges he was detained at the police station when he was assaulted, and the Fourth Amendment does not apply to excessive force claims that arise after law enforcement has detained the person. *See Robles v. Prince George's Cnty., Md.*, 302 F.3d 262, 268 (4th Cir. 2002) ("The Fourth Amendment 'governs claims of excessive force during the course of an arrest, investigatory stop, or other "seizure" of a person.' . . . Once the single act of detaining an individual has been accomplished, the Amendment ceases to apply.") (quoting *Riley v. Dorton*, 115 F.3d 1159, 1161 (4th Cir. 1997) (en banc)).

to [any] of the police." ECF 1, at 5–6. Detective Quirk may dispute these allegations and file a motion for summary judgment, but for now, the Court's review is confined to the complaint and its supplements. On the face of the pleadings, Poynter has alleged an objectively unreasonable use of force by Detective Quirk. Poynter has stated a § 1983 claim.[2]

### C.  Qualified Immunity

The defendants' qualified immunity defense is unavailing at this stage of the litigation. A pretrial detainee's right to be free from excessive force was well established at the time of the incident, and Poynter has alleged facts suggesting that Detective Quirk's conduct may have violated his constitutional right. *See Willingham v. Crooke*, 412 F.3d 553, 559 (4th Cir. 2005). Detective Quirk may, of course, reassert the defense at later stage in the proceedings.

## IV.  Conclusion

The defendants' motion to dismiss or, in the alternative, for summary judgment, treated as a motion to dismiss, is granted in part and denied in part. The claim against Officer Norton is dismissed with prejudice. The claim against Detective Quirk may proceed.

A separate order follows.


July 17, 2024
Date

Deborah L. Boardman
United States District Judge

---

[2] If Poynter alleges a separate § 1983 claim based on the emotional distress he allegedly experienced on September 9, 2022 while watching a video of the 2019 alleged assault, he fails to state a claim for relief. Nothing in the complaint raises this generalized allegation to the level of a constitutional violation by the defendants.